# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|   |   |
|---|---|
| THE JOYCE HAWKINS COMPANY, INC., | ) ) ) CIVIL ACTION NO. |
| PLAINTIFF, | ) ) ) |
| V. | ) ) |
| VARIOUS JOHN DOES, VARIOUS JANE DOES AND ABC COMPANIES, | ) ) ) ) |
| DEFENDANTS. | ) ) ) ) |

## COMPLAINT

Plaintiff THE JOYCE HAWKINS COMPANY, INC. ("Plaintiff" or "TJHC"), by and through its attorneys, STEWART, ESTES & DONNELL, PLC and AKERMAN SENTERFITT LLP, respectfully avers that:

### BACKGROUND, JURISDICTION AND VENUE

1.  This is an action for unfair competition and false descriptions in commerce arising from Defendants' illegal and unauthorized sale of certain memorabilia, merchandise and apparel, all without license from either the owner of the respective intellectual property or its exclusive merchandising licensees.

2.  This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1116, 1121, 1125 and 1126. This action arises under the Lanham Trademark Act, codified at 15 U.S.C. § 1051, et seq.

3. The threatened and actual violations which form the basis of this action have occurred, or will occur, within the Western District of Tennessee (and other states) and venue is properly placed in this Court under 28 U.S.C. §§ 1400(a), 1391(b) and (c).

## THE PARTIES

4. Plaintiff The Joyce Hawkins Company, Inc. (hereinafter referred to as, "TJHC" or "Plaintiff") is a corporation duly formed and existing under the laws of the State of Delaware with its principal place of business in the State of Virginia. By way of a licensing agreement with CBE Merchandising, LLC ("CBE"), TJHC is the exclusive merchandising agent for CBE and Christopher M. Brown p/k/a "Chris Brown" with respect to marketing all categories of merchandise, including without limitation, t-shirts and other clothing, posters, stickers and other novelties bearing CBE's and/or Chris Brown's name, portraits, pictures, logos, and/or likenesses throughout the world. A true and accurate copy of the TJHC/CBE Merchandising Agreement is annexed to the accompanying declaration of Joyce Hawkins as Exhibit "A."

5. Upon information and belief, Defendants Various John Does and Various Jane Does are residents of or transact and do business and will be present in Memphis, Tennessee on and before December 13, 2007, or are now conspiring to and otherwise traveling to the other states listed in Schedule "A" annexed hereto and are subject to the jurisdiction of this Court. The identities of the Various John Does and Various Jane Does are not presently known and the Complaint will be amended to include the name or names of said individuals if and when they permit themselves to be identified.

6. Upon information and belief, Defendants ABC Companies through their agents, servants and employees transact and do business in and will be present in Memphis, Tennessee on and before December 13, 2007, and are traveling to or are now conspiring to travel to other

331401                                                              2

states listed in Schedule "A" annexed hereto and are subject to the jurisdiction of this Court. The identities of the ABC Companies are not presently known and the Complaint will be amended to include the names of said companies if and when they permit themselves to be identified.

7. The musical artist, Chris Brown, has used his individual name, portraits, pictures, logos, and/or likeness to identify himself in all phases of the entertainment industry and to distinguish himself from other professional entertainment performers.

## GENERAL ALLEGATIONS

8. Chris Brown and other musical artists commenced a concert tour of the United States in Cincinnati, Ohio, on December 6, 2007, called the Up Close and Personal Holiday Exclusive Tour Starring Chris Brown (the "Exclusive Tour"). The Exclusive Tour concert itinerary is annexed hereto as Schedule "A."

9. The Defendants are numerous independent unlicensed peddlers and numerous manufacturing and distribution companies who will be attempting to distribute and sell unauthorized bootleg and inferior merchandise embodying CBE and Chris Brown's names, portraits, pictures, logos, and/or likenesses and/or replicas of the artwork embodied on the covers of Chris Brown's recordings, and merchandise which embodies his logos or artwork (collectively, the "Bootleg Merchandise") including, without limitation, t-shirts and other clothing, posters, stickers and other novelties, outside the FedEx Forum in Memphis, Tennessee on December 13, 2007, and at the Exclusive Tour's other concert locations, a list of which is annexed as Schedule "A" hereto, all in violation of the rights of Plaintiff under the Lanham Act. The identities of these Defendants are not presently known and cannot be known unless they voluntarily permit themselves to be identified.

10. Plaintiff, and its consultant, Countrywide Entertainment Group, Inc. ("CEG"), an experienced merchandising agent, can state with certainty that Defendants have sold, and will continue to attempt to sell, imitation and inferior Bootleg Merchandise outside the venues where Chris Brown is scheduled to appear as part of the Exclusive Tour.

11. The sale of the Bootleg Merchandise by the Defendants is and will be without TJHC's permission, license, or authority.

12. The unlawful distribution of Bootleg Merchandise results in irreparable harm and injury to TJHC in that, among other things it deprives TJHC of its absolute right to determine the manner in which CBE's and Chris Brown's names, portraits, pictures, logos, and/or likenesses is presented to the public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and benefits monetarily on CBE's, Chris Brown's, and Plaintiff's reputations, commercial value and exclusive rights in their intellectual property and it irreparably harms and injures the reputation of TJHC.

## COUNT I
## Violation of 15 U.S.C. 1125(a)

13. Plaintiff repeats and realleges paragraphs 1 through 12 of the Complaint as if more fully set forth herein.

14. This cause of action arises under Section 43(a) of the Lanham Act relating to trademarks, trade names and unfair competition entitled, "False Designation of Origin and False Descriptions Forbidden," 15 U.S.C. § 1125(a), and involves false descriptions in commerce.

15. The names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown have been used widely throughout the United States. As a result of same, said names, portraits, pictures, logos, and/or likenesses have developed and now have a secondary meaning to

purchasers of goods and merchandise including, but not limited to, t-shirts and other clothing posters, stickers, and novelties, and other merchandise as set forth in Paragraph 4, *supra*.

16. The Bootleg Merchandise sold by the various Defendants, which contains the intellectual property (names, portraits, pictures, logos, and/or likenesses) of CBE and Chris Brown and/or replicas of the artwork embodied on the jackets and/or covers of Chris Brown's recordings, is of the same general nature and type as the merchandise sold and/or authorized to be sold exclusively by Plaintiff at concerts throughout the United States, as set forth in Paragraph 4, *supra*.

17. The various Defendants, by misappropriating and using CBE's and Chris Brown's names, portraits, pictures, logos, and/or likenesses have misrepresented and falsely described to the public the origin and source of the Bootleg Merchandise so as to create the likelihood of confusion by the purchaser/consumer as to both the source and sponsorship of the Bootleg Merchandise sold at or within five (5) miles of the Exclusive Tour concert venues.

18. The aforementioned Bootleg Merchandise is in most cases inferior quality and the sale thereof will be damaging to and will dilute the goodwill generated by CBE and Chris Brown and the reputations that TJHC has developed in connection with the sale of legitimate, licensed and quality merchandise.

19. All of Defendants' unlawful merchandising activities have been and will be conducted without the permission, license or authority of TJHC. Defendants' actions constitute express and implied misrepresentations that the Bootleg Merchandise was created, authorized and approved by TJHC. The various Defendants have not secured any license, authority or approval to manufacture, distribute or sell such Bootleg Merchandise.

20. Defendants actions are in violation of 15 U.S.C. § 1125(a) in that Defendants will use, in connection with goods and services, a false designation of origin and have caused and will continue to cause said Bootleg Merchandise to enter into interstate commerce.

21. Plaintiff has no adequate remedy at law.

22. If Defendants' unlawful activities are not enjoined, TJHC will suffer irreparable harm and injury to its images and reputations including, but not limited to (1) depriving TJHC of the right to determine the manner in which its images are presented to the general public through merchandising; (2) deceiving the public as to the origin and sponsorship of such merchandise; (3) wrongfully trading upon TJHC's reputation, commercial value, and exclusive rights; and (4) manufacturing, distributing, and selling merchandise of inferior quality.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a. The Court issue a Temporary Restraining Order and a Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants (individually and/or collectively) their agents, servants, employees, officers, attorneys, successors and assigns, and all persons aiding and abetting, acting under Defendants, on their behalf, or in concert with them from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and from representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by Defendants is sponsored or authorized by Plaintiff;

b. The Court order the United States Marshal(s), state, county, and/or local law enforcement authorities, and TJHC, CEG, Emmett Richardson (Tour Director) and/or their agents, employees or designees to seize and impound any and all of the illegitimate merchandise

that infringes upon Plaintiff's rights as intellectual property owner and/or exclusive licensee of CBE and Chris Brown, which Defendants attempt to sell, distribute, advertise, hold for sale, or offer for sale outside of the venues, within the confines of the venues, and/or within five (5) miles of the venue at which a Exclusive Tour concert is located;

      c.      That after a hearing on the merits, this Court issue a Preliminary, National, Multi-District Tour Injunction and Order of Seizure restraining Defendants and others referred to herein above from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof;

      d.      The Court issue a Permanent Injunction prohibiting Defendants (individually and/or collectively) from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and ordering the seizure and destruction of all such merchandise wherever found; and

      e.      For such other, further and different relief which this Court deems reasonable, necessary and just.

## COUNT II
### State Common Law Claims for Unfair Competition

23.      Plaintiff repeats and realleges paragraphs 1 through 22 of the Complaint as if more fully set forth herein.

24.      The aforesaid acts of Defendants have been and will be committed willfully and with full knowledge of the rights of Plaintiff with the intention of deceiving and misleading the public and of wrongfully misappropriating and trading upon the nationally recognized value of the goodwill and reputation inherent in CBE's and Chris Brown's names and likenesses, and of

331401                                          7

benefiting from and depriving Plaintiff of the benefits thereof, and of diverting from Plaintiff to Defendants the benefits arising from the goodwill associated with CBE, Chris Brown, and Plaintiff.

25. Defendants' misappropriation of CBE's and Chris Brown's names and likenesses will interfere with TJHC's ability to exploit the commercial value of said name and likeness.

26. Defendants will receive substantial profits from their unauthorized use and misappropriation of CBE's and Chris Brown's names and likenesses, and Defendants will become unjustly enriched thereby.  Because Defendants act without TJHC's consent, Defendants' willful and unauthorized misappropriation of the aforementioned names and likenesses, and of TJHC's reputation and goodwill, will cause substantial and irreparable injury and loss to TJHC unless Defendants are immediately and permanently restrained and enjoined from committing the aforementioned acts and the infringing goods are seized.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a. The Court issue a Temporary Restraining Order and a Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants (individually and/or collectively) their agents, servants, employees, officers, attorneys, successors and assigns, and all persons aiding and abetting, acting under Defendants, on their behalf, or in concert with them from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and from representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by Defendants is sponsored or authorized by Plaintiff;

b.      The Court order the United States Marshal(s), state, county, and/or local law enforcement authorities, and TJHC, CEG, Emmett Richardson (Tour Director) and/or their agents, employees or designees to seize and impound any and all of the illegitimate merchandise that infringes upon Plaintiff's rights as intellectual property owner and/or exclusive licensee of CBE and Chris Brown, which Defendants attempt to sell, distribute, advertise, hold for sale, or offer for sale outside of the venues, within the confines of the venues, and/or within five (5) miles of the venue at which a Exclusive Tour concert is located;

c.      That after a hearing on the merits, this Court issue a Preliminary, National, Multi-District Tour Injunction and Order of Seizure restraining Defendants and others referred to herein above from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof;

d.      The Court issue a Permanent Injunction prohibiting Defendants (individually and/or collectively) from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and ordering the seizure and destruction of all such merchandise wherever found; and

e.      For such other, further and different relief which this Court deems reasonable, necessary and just.

## COUNT III
### State Common Law Claims for Violation of Right of Publicity

27.      Plaintiff repeats and realleges paragraphs 1 through 26 of the Complaint as if more fully set forth herein.

28. Due to the investment of substantial money, time and energy in advertising, publicizing and promoting the accomplishments, abilities and popularity of Chris Brown, Chris Brown has developed and now possesses the right of publicity to protect the commercial use of his name, likeness or other indicia of his identity, including, but not limited to, images, logos, pictures, portraits and artwork.

29. CBE and Chris Brown has licensed and authorized TJHC to use in the commercial setting for the purposes of marketing and selling, without limitation, t-shirts and other clothing, posters, stickers and other novelties bearing Chris Brown's name, portraits, pictures, logos, and/or likeness in connection with the Exclusive Tour.

30. The aforesaid acts of Defendants are not authorized by CBE or Chris Brown and have been and will be committed willfully and with full knowledge of the rights of Plaintiff with the intention of obtaining a commercial advantage by trading upon the nationally recognized value of the goodwill and reputation inherent in Chris Brown's name and likeness.

31. The aforesaid acts of Defendants have been and will be committed intentionally for the purposes of appropriating to Defendants' benefit the commercial or other values associated with the name or likeness of Chris Brown.

32. The misuse of Chris Brown's name and likeness by Defendants constitutes an intentional violation of Plaintiff's rights in and to the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, and has caused and will continue to cause pecuniary loss to Plaintiff and unjust pecuniary gain to Defendants unless Defendants are immediately restrained and enjoined from committing the aforementioned acts and the infringing goods are seized.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

      a.      The Court issue a Temporary Restraining Order and a Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants (individually and/or collectively) their agents, servants, employees, officers, attorneys, successors and assigns, and all persons aiding and abetting, acting under Defendants, on their behalf, or in concert with them from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and from representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by Defendants is sponsored or authorized by Plaintiff;

      b.      The Court order the United States Marshal(s), state, county, and/or local law enforcement authorities, and TJHC, CEG, Emmett Richardson (Tour Director) and/or their agents, employees or designees to seize and impound any and all of the illegitimate merchandise that infringes upon Plaintiff's rights as intellectual property owner and/or exclusive licensee of CBE and Chris Brown, which Defendants attempt to sell, distribute, advertise, hold for sale, or offer for sale outside of the venues, within the confines of the venues, and/or within five (5) miles of the venue at which a Exclusive Tour concert is located;

      c.      That after a hearing on the merits, this Court issue a Preliminary, National, Multi-District Tour Injunction and Order of Seizure restraining Defendants and others referred to herein above from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof;

      d.      The Court issue a Permanent Injunction prohibiting Defendants (individually and/or collectively) from manufacturing, distributing, selling, offering for sale, holding for sale,

or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and ordering the seizure and destruction of all such merchandise wherever found; and

e. For such other, further and different relief which this Court deems reasonable, necessary and just.

## COUNT IV
### State Common Law Claims for Intentional Tortious Interference with Existing and Prospective Contractual Relations

33. Plaintiff repeats and realleges paragraphs 1 through 32 of the Complaint as if more fully set forth herein.

34. Defendants' aforementioned unauthorized and unlawful activities will wrongfully impair the value of TJHC's merchandising license contract, as well as the contractual arrangements between TJHC and the facility concessionaires, relating to the sale of merchandise bearing CBE's and Chris Brown's names, portraits, pictures, logos, and/or likenesses.

35. By reason of Defendants' acts alleged herein, Plaintiff is threatened to suffer damage to its business reputation and goodwill, and the loss of sales and profits Plaintiff would have made but for Defendants' unauthorized and illegal acts.

36. Unless Defendants' acts of misappropriation and unfair competition are immediately restrained and enjoined, and the infringing goods seized, Plaintiff will suffer irreparable injury and pecuniary loss because Defendants' acts will: a) interfere with Plaintiff's ability to exploit, market, and license the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown by sales to consumers; b) lessen the value of Chris Brown's name, likeness, and right of publicity; c) create confusion in the marketplace as to the duly authorized

source of such merchandise; and d) deprive Plaintiff of its just revenues based its authorized exploitation of CBE's and Chris Brown's names, likenesses, and rights of publicity.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a.  The Court issue a Temporary Restraining Order and a Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants (individually and/or collectively) their agents, servants, employees, officers, attorneys, successors and assigns, and all persons aiding and abetting, acting under Defendants, on their behalf, or in concert with them from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and from representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by Defendants is sponsored or authorized by Plaintiff;

b.  The Court order the United States Marshal(s), state, county, and/or local law enforcement authorities, and TJHC, CEG, Emmett Richardson (Tour Director) and/or their agents, employees or designees to seize and impound any and all of the illegitimate merchandise that infringes upon Plaintiff's rights as intellectual property owner and/or exclusive licensee of CBE and Chris Brown, which Defendants attempt to sell, distribute, advertise, hold for sale, or offer for sale outside of the venues, within the confines of the venues, and/or within five (5) miles of the venue at which a Exclusive Tour concert is located;

c.  That after a hearing on the merits, this Court issue a Preliminary, National, Multi-District Tour Injunction and Order of Seizure restraining Defendants and others referred to herein above from manufacturing, distributing, selling, offering for sale, holding for sale, or

advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof;

        d.       The Court issue a Permanent Injunction prohibiting Defendants (individually and/or collectively) from manufacturing, distributing, selling, offering for sale, holding for sale, or advertising any and all merchandise bearing the names, portraits, pictures, logos, and/or likenesses of CBE and Chris Brown, licensed to Plaintiff, and/or any colorable variation thereof, and ordering the seizure and destruction of all such merchandise wherever found; and

        e.       For such other, further and different relief which this Court deems reasonable, necessary and just.

Date: December 7, 2006

Respectfully submitted by:

STEWART, ESTES & DONNELL, PLC

s/ Philip M. Kirkpatrick
Philip M. Kirkpatrick, No. 6161
Fifth Third Center, 14th Floor
424 Church Street
Nashville, Tennessee 37219
(615) 244-6538 (Telephone)
(615) 256-8386 (Facsimile)
kirkpat@sedlaw.com

Of counsel:

Scott M. Kessler, State of New York No. 4242905[*]
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, New York 10017
212-880-3800
scott.kessler@akerman.com
    *Attorneys for Plaintiff*
    *The Joyce Hawkins Company, Inc.*

---

[*] Pro hac vice motion is being filed and will be pending

331401                                     14